In re PRESSED STEEL CAR CO. OF NEW JERSEY.
No. 18778.

District Court, W. D. Pennsylvania.
Feb. 11, 1936.

See, also, 16 F.Supp. 329.

Austin L. Staley, of Pittsburgh, Pa., for petitioner W. F. Walsh.

Wm. G. Heiner, of Pittsburgh, Pa., for Pressed Steel Car Co.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for trustees.

SCHOONMAKER, District Judge.

William F. Walsh, alleging that he is a bondholder and a stockholder of the Pressed Steel Car Company, has filed a petition in this court asking that the court require the trustees in bankruptcy to appear as parties defendant in a suit brought by Walsh in the Supreme Court of New York county, N. Y., against George D. Wick and Walter A. Bonitz, as trustees in bankruptcy of Pressed Steel Car Company, Arthur E. Braun, John F. MacEnulty, Henry P. Hoffstot, Robert J. Dodds, Oakley L. Alexander, Charles L. McCune, Nathaniel S. Reeder, J. S. Skelly, and Frank N. Hoffstot, asking to recover judgment against the defendants who are directors of the Pressed Steel Car Company for the losses alleged to have been sustained by the company by reason of certain alleged wrongful acts and negligence of these director defendants.

The trustees are resisting this petition, alleging: (1) The present status of the reorganization proceeding makes the joinder of the trustees inadvisable; (2) although it is claimed that no affirmative relief is sought against the trustees in the New York suit, no assurance is possible that the complaint in the New York suit may not be amended to seek affirmative relief against them; (3) the trustees are not necessary parties to the New York suit; (4) the causes of action are of extremely doubtful validity; (5) the books of the company are available to Walsh.

Our conclusion is that the trustees should not be required to join in this New York suit. In the first place, this proceeding is a reorganization case. The plan for reorganization of the company will be up for hearing before this court on March 5, 1936. If the reorganization plans fail and the trustees should be ordered to liquidate the estate, this court might then determine whether the trustees are necessary parties to the New York suit. In the second place, it is not apparent to us at this time that these trustees are necessary parties to the New York action. Walsh's suit, as appears by the bill of complaint attached to his petition, is plainly a suit in a representative capacity, and upon recovery therein would inure to the benefit of the corporation, which may be paid to these trustees here if they are still acting at the time of such recovery. If the company has then been reorganized, the recovery, if any, will go to the reorganized company.

An order denying Walsh's petition may be submitted.